## THE STATE *v.* JERRY.

After conviction of a slave tried for murder before a tribunal organized under the stat. of 1 June, 1846, judgment will not be arrested on the ground that he was not arraigned, and did not plead to the charge, where the record shows that he was defended by counsel, and the court state that he was convicted after an impartial trial. Under the stat. of 1846, objections not relating to the substance of the prosecution cannot be considered on appeal.

Where the day fixed for the execution of a sentence of death pronounced against a slave convicted before a tribunal organized under the stat. of 1 June, 1846, passes by, pending an appeal, the Supreme Court have no power to fix another day.

APPEAL from a sentence pronounced by a tribunal organized under the stat. of 1 June, 1846, for the trial of a slave in the parish of Natchitoches. *Barry*, District Attorney, for the State. *J. B. Smith*, for the appellant, cited Starkie, Crim. Pl. ch. 18, p. 337. 4 Black. 329. Bul. & C.'s Dig. p. 57, s. 1; p. 248, s. 36. The judgment of the court was pronounced by

KING, J. The accused, who is the slave of *St. Anne Prudhomme*, was charged with murder, and tried by a tribunal organized under the act of 1846, (Acts, p. 114). No counsel having been previously provided for him, he was defended by an advocate appointed by the court. After his conviction, he moved for an arrest of judgment, on the ground that he had neither been arraigned nor pleaded to the charge. The motion was overruled and he has appealed, relying on the ground stated in his motion, for a reversal of the judgment.

The defects complained of are defects of form. The 14th sec. of the stat-

ute under which the accused was tried, provides, " that no proceedings had in accordance with this act shall be annulled or impeded by any error of form therein." Acts of 1846, p. 115, § 14. It is obvious that, under this statute, we can consider no objections which do not relate to the substance of the prosecution.

The record shows that, the slave was brought before the tribunal to answer to the charge preferred against him, that he was defended by counsel appointed for the purpose, and the court state that he was convicted after an impartial trial.

The day fixed by the lower tribunal for the execution of the sentence of death, which was pronounced, has elapsed, and we are requested to fix another day. No such original power is conferred upon the court, as that which we are called upon to exercise. *Judgment affirmed.*