## No. 7658.

### STATE vs. ULGER CHENIER.

One who is indicted for a capital offense must be arraigned, and must plead to the indictment before the case can be set down for trial, or be tried.

APPEAL from the Third District Court, parish of St. Martin. *Fontelieu, J.*

*H. N. Ogden*, Attorney-General, for the State.

*Jas. E. Mouton* for defendant.

---

No brief filed on behalf of the State.

Jas. E. Mouton, for defendant, contended :

That an arraignment of the accused before the trial had begun was necessary. He cited in his support State vs. Epps, 27 A. 227 ; State vs. Ford, 30 A. 311 ; State vs. Christian, 30 A. 367.

---

The opinion of the court was delivered by

SPENCER, J. The defendant having been indicted for rape, was convicted without capital punishment, and sentenced to hard labor for life. He appeals, and relies upon several bills of exception as grounds for reversal. It will only be necessary to notice one of them. ·

The case having been called for trial by the State, a jury having been empaneled and sworn, and the trial proceeded with, the attorney for the State, suggesting that the defendant had not been arraigned and had entered no plea, moved that he be arraigned and that he be required to plead. The accused objected that the arraignment and plea must precede the trial, and that the jury drawn was incompetent to try the cause. The court overruled the objection, caused the prisoner to be arraigned and his plea made, and directed the trial to proceed.

We cannot sanction such a departure from ancient landmarks in criminal procedure. The prisoner must be arraigned, and must plead to the indictment before the case can be set down for trial or tried.

It may be that in this particular case no prejudice was wrought to the accused. Still we think it unsafe to sanction such irregularities in capital cases.

The verdict and sentence are set aside, and this cause is remanded for a new trial according to law.