## STATE *v.* CARTWRIGHT.

FELONY—WHAT RECORD OF CONVICTION MUST SHOW.—The record of conviction for a felony must show affirmatively that the prisoner was present in person when the verdict was received by the court. But such presence does affirmatively appear when the record shows that he was present in person when the trial commenced, but is silent as to his presence on the day following, when the verdict was rendered, there being no recital of any adjournment or other fact showing any interuption of the proceedings, or interval between the commencement of the trial and rendition of the verdict.

APPEAL from Lane County. The facts are stated in the opinion.

*John Kelsay and R. S. Strahan,* for appellant.

*J. W. Hamilton, district attorney,* for respondent.

By the Court, WATSON J.:

The appellant was indicted by the grand jury of Lane county, of the crime of murder in the second degree, for killing one Frederick Mendee. Upon his third trial on this indictment in the circuit court for that county, he was found guilty of manslaughter, and sentenced to five year's imprisonment in the state penitentiary, and adjudged to pay a

fine of one dollar and costs. From this sentence and judgment he has taken this appeal.

Numerous errors have been assigned by his able and learned counsel, but as they have not offered any oral argument in his behalf, we shall confine our examination to the points made in the printed brief filed by them in the case. The first, second and third objections urged by them have been obviated by filing a complete transcript on behalf of the state, agreeable to the practice of this court in such cases. The fourth objection presents the most important question to be decided here.

The record shows affirmatively that the third trial was begun on Tuesday, November 8, 1881, and that the appellant, as well as his attorneys, were present in court, also that the jury were empanneled and the evidence introduced. That on Wednesday, November 9, 1881, the jury, after hearing the arguments of counsel, and the charge of the court, retired in charge of the sworn officer to consult upon their verdict, and, after deliberation, returned into court the verdict mentioned; whereupon the jury were discharged, and the time for sentence appointed by the court.

The record does not show any adjournment of the court on November 8, 1881, or contain any mention of its re-assembling on the day following. It discloses no interval in the proceedings from the commencement of the trial on the 8th of November, 1881, to the rendition of the verdict and appointment of the time for sentence, on the day succeeding. For the appellant, it is contended as propositions of law, that the record must show affirmatively that he was present in person when the verdict was rendered, to sustain his conviction, and that the record before us is insufficient for this purpose. We are convinced that the first proposition is a sound one, and fully supported by the cur-

rent of authority. The distinction adverted to in some of the decisions to which the district attorney has directed our attention, between cases of capital felonies and those not capital, seems to us not to rest upon any substantial basis. And it is not the prevailing doctrine upon the subject. (*State* v. *Sporse*, 4 Or., 198; 3 Whart. Crim. Law, Sec. 2, 999; 1 Bishop Crim. Procedure, sec. 1,180; *Tubbs* v. *The State,* 49 Miss, 716; *State* v. *Smith,* 31 La. Am. 406; *Cole* v. *The State,* 10 Ark., 318; *State* v. *Ott,* 49 Mo., 338; *Dougherty* v. *Commonwealth,* 69 Pa. St., 286.)

These authorities sustain the doctrine contended for by appellant's counsel, as to the necessity of the record of conviction for felony, showing affirmatively the presence of the prisoner at the rendition of the verdict. The right of the prisoner to see whether the verdict against him is sanctioned by all the jurors, and the right of the court to have him, if duly convicted, under its power and subject to its judgment, are the reasons assigned for requiring his presence; and their importance both to the security of the prisoner and the efficient administration of public justice, have been deemed sufficient to justify the exclusion of the presumption of regularity, which is indulged in with respect to the proceedings of courts of superior jurisdiction in civil cases. But it has also been held, as a necessary and wholesome qualification of the general rule, that it is not essential to the validity of the record that it should recite expressly that the prisoner was present at every step in the trial, where his presence is required. It is enough if it can be gathered from the whole record that he was actually present. (*State* v. *Craton,* 6 Ind., 164; *State* v. *Schoemoald,* 31 Mo., 160; *People* v. *Stephens,* 4 Parker Cr. Cos. 510; same, 19 N. Y., 549; *Schirmer* v. *The People* 33 Ill., 276.)

The facts disclosed by the record in the case last cited,

are very similar to those shown by the record here, and the reasoning of the court in that case, sustaining the sufficiency of the record, is altogether appliable to the case before us. There the record affirmed the presence of the prisoner at the commencement of the trial, on one day, and disclosed the fact that the verdict was rendered on the next, but was silent as to his presence on that day; and the court held that as no interval appeared from the record, between the commencement of the trial, when the prisoner was shown to have been present, and the rendition of the verdict on the following day, it would be presumed that he continued in court all the time.

It is plain that some presumptions must be indulged in favor of the regularity of judicial proceedings, even in trials for crimes of the most heinous character; and we think the rule adopted in the case last considered from 33 Ill., does not go beyond the principle recognized by the other authorities cited with it. We are aware of the decision in *Dunn* v. *Commonwealth*, 6 Pa. St., 384, where a similar record, in a capital case, was held too doubtful and uncertain to support a conviction for murder in the first degree. In that case, however, the commencement of the trial occurred on November 11, 1844, when the prisoner was shown by the record to have been present in person, and the verdict was rendered on the 13th day of November, 1844. There was nothing in the record tending to show the presence of the prisoner after the first day of the trial. The interval seems therefore to have been one day longer than in the case in 33 Ill., and one day longer than in the case at bar. And yet this decision does appear to us to be opposed to the principle governing the case in 33 Ill.

But we are satisfied to adhere to the rule adopted in the latter, in the present instance, without expressing an opinion

how much farther the presumption of regularity should be indulged, when the jurisdiction of the person of the prisoner is shown affirmatively by the record to have existed at the commencement of the trial in cases requiring his continued presence. It further appears from the record in the case before us, that the appellant did appear in person on Saturday, the 12th day of November, 1881, the time appointed for his sentence, and, although "given an opportunity to make a statement," interposed no objection on account of any irregularity occurring during the trial. It is next objected on appellant's behalf that the record does not show that he was asked, at the time of his sentence, " if he had anything to say why judgment should not be pronounced against him." But it does show he was given " an opportunity to make a statement," and we conceive the objection rests more in form than in substance. But if the record were entirely silent on this subject, the indictment not charging a capital offense, we should not feel justified it holding it fatally defective on this account, although some decisions have been cited for appellant which go to that extent. (Wharton on Criminal Law, sec. 3,394; *State* v. *Ball*, 27 Mo., 324; Bishop's Criminal Procedure, sec. 1,118, and cases cited in note 3.)

This brings us to the consideration of the objections urged by appellant's counsel to the ruling of the court below in giving and refusing instructions to the jury. Some ten instructions were asked by appellant, which the court refused to give. We are not advised, from the brief filed by his counsel, as to the nature of the errors claimed in respect to such ruling, and have not been able to discover any from an examination of the instructions themselves. And the objections to the instructions given by the court we are satisfied ought to prevail. The definition of murder in the

first degree, by the court, could not possibly have misled the jury to the appellant's prejudice. But the court below went further and instructed the jury in the same connection, that the crime charged in the indictment was murder in the second degree, and that they could not, in any event, find him guilty in the first degree.

It is contended, however, that the twelfth instruction given by the court and excepted to by the appellant, left it optional with the jury to follow the directions of the court, as to the law, or decide it according to their own individual notions. But we think the duty of the jury to observe the court's instructions as to the law applicable to the case, was clearly indicated in the instruction, and that they could not have mistaken what was so plainly intended. There does not seem to us to be any ground for saying that this instruction sanctioned the idea that the jury were at liberty to disregard the directions of the court upon the questions of law involved in the trial. We are therefore of the opinion that there was no error in the proceedings below, as alleged by the appellant, and that the judgment should be affirmed.

Judgment affirmed.