State vs. Hunter and Frank.

---

No. 10,752.

THE STATE OF LOUISIANA VS. HUNTER AND FRANK.

The accused was arraigned and entered a plea of not guilty, which plea, on motion of his counsel, was withdrawn in order that the accused might file a motion to quash the indictment. Held, that the withdrawal of the plea left the accused in the position as though he had not been arraigned. The absolute requirement of the law is that the accused must plead personally to the indictment on arraignment.

State vs. Hunter and Frank.

The District Attorney can not, on his own motion, have the plea of not guilty en-
tered for the defendant in the absence of the refusal of the accused to plead to
the indictment.

The fact that the accused was brought into court and tried without objection on
his part, does not cure the absence of the arraignment.

The discharge of a grand juror whose name has been drawn from the box, and be-
fore the empaneling of the grand jury, is no cause for quashing an indictment
found by the grand jury, afterward empaneled and organized.

The offences denounced in Sections 790 and 791, R S., although generic in character,
are distinct offences. The accessory to an offence under Section 790, where the
principal has been convicted, is liable to the same punishment as the princi-
pal. The judge therefore was correct in his ruling when he declined to charge
the jury that they could bring in a verdict under Section 791.

APPEAL from the Twenty-sixth District Court for the Parish of
St. John the Baptist.  *Rost, J.*

*Walter H. Rogers*, Attorney General, for the State, Appellee.

*H. N. Gautier* and *Chas. Baquié* for John Frank, Defendant and
Appellant:

Failure to arraign an accused in a capital case is a fatal defect. Where the record
shows that in a capital case the accused has not personally plead to the indict-
ment before the trial on merits, the verdict and judgment will be set aside and
the case remanded to be proceeded with according to law.

When the charge of the court is insufficient, and could mislead the jury, the verdict
and judgment shall be arrested.

The offences defined under Sections 790 and 791 of the Revised Statutes belong to the
same generic class, and a verdict under the latter is responsive to an indict-
ment containing an accusation under the former. A refusal to so charge the
jury is fatal to the verdict and judgment.[1]

An accessory is a common law offence and a felony.

As to the accessory, the offence must be set forth with that certainty and distinct-
ness required at common law, and should be charged in the words and qualifi-
cations prescribed by common law for indictments for the particular offence
charged.

In an indictment against accessory for shooting with intent to murder, the intent
must be laid as in case of felonious homicide, and the intent to murder must
be with malice aforethought; the failure to so allege in the indictment is fatal.

Written statements inculpatory in character must be proven as emanating from
and written by the accused, before being admissible against him.

Such statements made by the defendant, after the commission of the offence, is
admissible against a co-defendant, particularly when made out of the presence
of that co-defendant.

Grand jurors, as organized under Act 44 of 1877, the court has no authority to reject
a grand juror properly drawn, except for cause, and where it is shown that a
grand juror properly drawn has been rejected without cause, a motion to quash
an indictment found by such a grand jury must be sustained.

State vs. Hunter and Frank.

In capital case?, where a continuance is asked by the defendant for the first time, and there exists doubts as to the injury he would suffer by refusal, the case will be remanded for a new trial.

Where a defendant's witness has been personally served the defendant is entitled to an attachment, and in default thereof to a continuance. The refusal of both is a good ground for a new trial.

The opinion of the court was delivered by

McENERY, J.   The defendant, John Frank, was indicted as acces-sory with Thomas Hunter as principal, under Section 790, R. S., with shooting with intent to murder while lying in wait.

Both defendants, in separate trial, were found guilty without capital punishment, and sentenced for life to hard labor.   The defendant Frank appealed from the verdict and sentence against him.

The accused was arraigned and pleaded not guilty.   Afterward, on the motion of his counsel, the court ordered the plea of not guilty to be withdrawn.

The record does not show that the accused, after the plea was withdrawn, pleaded personally to the indictment.   He was not afterward arraigned.

The withdrawal of the plea had the effect of leaving the accused in the position as though no arraignment had been made and no plea entered:   There was no issue pending between the State and the accused.

The arraignment can not be dispensed with.   If he refuses to plead to the indictment, the plea of not guilty is entered for him.

The record shows that on motion of the District Attorney the plea of not guilty was entered for the defendant.   But the record does not show that the defendant had been called to the bar for arraignment and had refused to plead to the indictment.

The absolute requirement of the law, that the accused must plead personally to the indictment on arraignment, can not be cured by the fact that he was brought into court, and tried without objection, because there was no issue between the accused and the State, without which it was irregular to proceed to trial.   State vs. Epps, 27 An. 227; State vs. Christian, 30 An. 368; State vs. Ford, 30 An. 311; State vs. Revels, 31 An. 388; 1 Bishop Crim. Pro., Sec. 733; 3 Wharton Crim. Prac., Sec. 3355; 1 Archbold's Crim. Prac., p. 351.

There are other bills of exceptions which require only a brief notice.

Joseph Cartor was among the first fifteen grand jurors drawn. He was discharged, and another drawn in his place. For this reason a motion was filed by the defendant to quash the indictment. It is not pretended that the grand jury which found the indictment was not qualified to do so. The only error alleged is in the organization of the grand jury. The defendant had no interest in the discharge of the alleged disqualified juror. This was within the discretion of the District Judge, and he seems to have exercised it with due and proper caution. The grand jury which found the indictment was qualified in every respect. The defendant therefore has no cause to complain.

The defendant asked for a continuance on account of an absent witness and the materiality of his testimony. The facts disclosed in the affidavit show that his testimony could not aid the defendant. The continuance was within the sound discretion of the District Judge. He has not exercised it arbitrarily.

The charge of the District Judge was given in writing and is in the record. It covers the special charges asked for by the accused, and there was no necessity to repeat what he had said in substance. The accused was indicted as accessory with the principal for shooting with intent to murder while lying in wait. The defendant alleges that the District Judge erred in not instructing the jury at his request that they could bring in a verdict for a less offence denounced in Sec. 791, R. S., which is of the same generic class as that denounced in Sec. 790, and is included in it.

The principal was convicted and sentenced under Sec. 790, R. S., Although generic in character, the offences denounced in the two sections are distinct. If the accused had committed and procured the commission of the offence under Sec. 791, he would nevertheless be amenable for the manner in which the principal committed the offence. Wharton Cr. Law, Sec. 134.

The conviction of the principal is *prima facie* evidence of the guilt of the accused.

The complete proof of guilt and the conviction of the accessory makes him liable to the same punishment inflicted upon the principal. R. S. 972.

The accused was therefore either guilty or not guilty of the specific charge preferred against him. The District Judge properly declined to charge as requested by the defendant.

Ciaude vs. Peat.

The written documents B, C and D offered in evidence and received over the objection of the defendant were taken from the principal, and were offered and received as the declarations of the accused. It was a question of fact for the jury to find whether the accused had written them. They were properly admitted.

The motion in arrest of judgment contains several reasons assigned by the accused for a reversal of the sentence and verdict. They are directed to the confection of the indictment. The indictment contains all the essential requisites which the defendant claims are omitted therefrom. In all respects we find that the indictment is properly framed.

It is therefore ordered that the sentence and verdict appealed from be annulled, avoided and reversed, and it is further ordered that this case be remanded, to be proceeded with according to law and the views herein expressed.