The opinion of the court was delivered by
Watkins, J.
The defendant was indicted for stabbing, cutting, striking or thrusting, and was found guilty of stabbing with intent to kill; and upon conviction was sentenced to three years’imprisonment in the penitentiary and has.appealed. .
Our attention has been attracted to one fatal defect in the record which necessarily disposes of the case, and that is the failure of the record to disclose that the defendant had been arraigned previous to trial.
The minute entries are as follows, to-wit:
“ Indictment filed and bench warrant ordered to issue.” October 11, 1892. “ Court met pursuant to adjournment * * * Case assigned for trial for the 27th inst.” February 28, 1898. “Case taken up on the day set for trial.” February 27, 1898.
*903 There is no suggestion anywhere in the record of the defendant having been arraigned before the trial; nor is there anything to show that he urged any special defence or plea that is tantamount to an acknowledgment of the jurisdiction of the court, or a waiver of his right to arraignment.
In the absence of arraignment there can be no valid conviction. This is elementary. State vs. Revills, 31 An. 387; State vs. Christian, 30 An. 367; State vs. Epps, 27 An. 227; State vs. Robinson, 36 An. 873; State vs. Boyd, 38 An. 374; State vs. Harrison, 38 An. 501. *
The judgment appealed from must be reversed and the cause remanded for a new trial.
It is therefore ordered and decreed that the judgment appealed from be annulled, avoided and reversed, and it is further ordered and decreed that the cause be remanded to the lower court for a new trial according to law.