DANSBY vs UNITED STATES.

Opinion Delivered June 9, 1899.

*1. Arrest of Judgment—Arraignment.*

A motion in arrest of judgment should be allowed where the record shows the defendant was not arraigned, or did not waive arraignment, before trial.

*2. Larceny—Unbranded Animals.*

An unbranded animal over one year of age, running at large, is not the subject of larceny in the Indian Territory.

SPRINGER, C. J., dissents.

Appeal from the United States Court for the Central District.

YANCEY LEWIS, Judge.

Thomas J. Dansby was convicted of larceny. He moved an arrest of judgment. The motion was overruled, and he appeals. Reversed.

This is a prosecution commenced by the return of an indictment November 19, 1895, against the appellant, charging him with the larceney of two cows of the value of $13, alleged to have been taken with the intent to steal, on the

10th day of April, 1895, from Charles Colbert, in the Central district of the Indian Territory. On the 13th day of November, 1896, the appellant was, without arraignment or plea, placed upon trial. After the jury was sworn to try the case, the appellant was arraigned, and refused to plead, whereupon the court ordered a plea of not guilty to be entered, which was done.

*Ralls Bros.*, for appellant.

*J. H. Wilkins*, for the United States.

THOMAS, J. The record in this case is as follows: "Now comes the United States, by its attorney, and comes the defendant in person and by counsel, and comes a jury of twelve men of the regular panel, who are duly sworn and impaneled to try the issues herein, and the defendant is thereupon duly arraigned, and refuses to plead. It is ordered by the court that a plea of not guilty be entered herein, and, after hearing the evidence, the instructions of the court, and the arguments of counsel, they retired to consider of their verdict," etc. It is not necessary to proceed with the record further.

Appellant assigns as error this proceeding of the court: "(11) The judgment should have been arrested on the ground that the defendant was not arraigned before the jury was sworn to try the case." Before a trial by jury in any case can commence or proceed, there must be an issue joined. Ordinarily, the issue to be tried by a jury in a criminal case is, "Guilty or not guilty," raised by the plea of "Not guilty" interposed by defendant upon his arraignment, or entered by the court where the defendant stands mute, or refuses to plead. After issue joined, this case may then lawfully and regularly proceed to trial by the examination, swearing, and impaneling of a jury. In this case the jury

was impaneled and sworn before the defendant was either arraigned or had been legally required to make answer to the charge preferred against him by the grand jury, and set forth in the indictment. This was clearly error. There was no issue for the jury to try and determine, hence no legal basis upon which either the verdict of the jury or the judgment of the court could rest. This is not a new question, having been extensively treated by text writers, and passed upon by the supreme court of the United States and the courts of last resort in several of the states. " 'It is laid down in a general way that the arraignment and plea are a necessary part of the proceeding, without which there can be no valid trial and judgment. With the consent of the court, the prisoner may waive the reading of the indictment, though, without waiver, it will be read, even where he has been furnished with a copy. And as the object of the arraignment is to obtain the plea, if the prisoner voluntarily makes it without, and it is accepted by the court, nothing more is required. But without plea there can be no valid trial. Nor will the proceeding be rendered good by the fact that the defendant went to trial voluntarily, and without objection, knowing there was no plea. It must be before the jury are sworn. Afterwards the plea comes too late.' 1 Bish. Cr. Proc. (3d Ed.) § 733. 'There can be no trial on the merits without a plea of not guilty. ' 1 Bish. Cr. Proc. (2d Ed.) § 801. * * * 'When brought to the bar in capital cases, and at strict practice in all cases whatever, the defendant is formally arraigned by the reading of the indictment, and the calling on him for a plea. * * * The right of arraignment on a criminal trial may, in some cases, be waived, but a plea is always essential.' 1 Whart. Cr. Law, § 530. * * * It may be stated to be a prevailing rule in this country and in England, at least in cases of felony, that a plea to the indictment is necessary before a trial can be properly commenced, and that, unless this fact

appears affirmatively from the record, the judgment cannot be sustained. Until the accused pleads to the indictment, and thereby indicates the issues submitted by him for trial, there is nothing for the jury to try; and the fact that the defendant did so plead should not be left to be inferred from a general recital in some order that the jury was sworn 'to try the issue joined.' The record should be a permanent memorial of what was the issue tried, and show whether the judgment whereby it was proposed to take the life of the accused, or to deprive him of his liberty, was in accordance with the law of the land. In Hopt. v. Utah, 110 U. S. 574-579, 4 Sup. Ct. 204, this court, observing that the public has an interest in the life and liberty of an accused person, said: 'Neither can be lawfully taken except in the mode prescribed by law. That which the law makes essential in proceedings involving the deprivation of life or liberty cannot be dispensed with or affected by the consent of the accused, much less by his mere failure, when on trial and in custody, to object to unauthorized methods.' The views we have expressed would seem to be the necessary result of Rev. St. U. S. § 1032: 'When any person indicted for an offense against the United States, whether capital or otherwise, upon his arraignment stands mute, or refuses to plead or answer thereto, it shall be the duty of the court to enter a plea of not guilty on his behalf in the same manner as if he had pleaded not guilty thereto. And when a party pleads not guilty, or such plea is entered as aforesaid, the case shall be deemed at issue, and shall, without further form or ceremony, be tried by jury.' This statute is based on the act of April 30, 1790, § 30 (1 Stat. 119), the act of March 3, 1825, § 14 (4 Stat. 118), and the act of March 3, 1835, § 4 (4 Stat. 777.) It proceeds upon the established principle that, before a criminal trial can be legally commenced, there must be an issue to try, and that a plea by or for the accused is essential to the formation of the issue. And the section

above quoted requires the entry of the plea before the trial commences. Where the crime charged is infamous in its nature, are we at liberty to guess that a plea was made by or for the accused, and then guess again as to what was the nature of that plea? Neither sound reason nor public policy justified any departure from settled principles applicable in criminal prosecutions for infamous crimes. Even if there were a wide divergence among the authorities upon this subject, safety lies in adhering to established modes of procedure, devised for the security of life and liberty. Nor should the courts, in their abhorrence of crime, nor because of their anxiety to enforce the law against criminals, countenance the careless manner in which the records of cases involving life or liberty of a person are often prepared. Before a court of last resort affirms a judgment of conviction of at least an infamous crime, it should appear affirmatively from the record that every step necessary to the validity of the sentence has been taken. * * * It is true that the constitution does not, in terms declare that a person accused of crime cannot be tried, until it be demanded of him that he plead, or unless he pleads to the indictment. But it does forbid the deprivation of liberty without due process of law; and due process of law requires that the accused plead, or be ordered to plead, or in a proper case, that the plea of not guilty be filed for him, before his trial can rightly proceed; and the record of his conviction should show distinctly, and not by inference merely, that every step involved in due process of law, and essential to a valid trial, was taken in the trial court; otherwise, the judgment will be erroneous. * * * The present defendant may be guilty, and may deserve the full punishment imposed upon him by the sentence of the trial court, but it were better that he should escape altogether than that the court should sustain a judgment of conviction of an infamous crime where the record

does not show that there was a valid trial." Crain vs U. S., 162 U. S. 643, 16 Sup. Ct. 958.

It has been held to be error to swear the jury to pass upon the guilt or innocence of the accused before calling upon him to plead. The court said that, until the prisoner was called upon for his plea, it could not be known whether there would be an issue of fact for the jury, or what the issue (if any) might be; but the prisoner, instead of submitting the question of his guilt, may have pleaded in abatement, or have presented to the court legal objections to the indictment; and that, though a formal arraignment of one charged with a criminal offense may not be indispensable to the legality of conviction, it was clear that the case must be put in a condition for trial before the jury are sworn. State vs Hughes, 1 Ala. 655-657. In Sartorious vs State, 24 Miss. 602, 611, 612, which was .an indictment for buying certain goods knowing them to be stolen, the court said: "In trials for minor offenses, a formal arraignment in practice is generally dispensed with. In such cases, where the defendant has pleaded to the indictment, arraignment will be presumed. But a party, before he can be put on his trial, must plead to the indictment. In civil proceedings it is error to submit a case to the jury without an issue in fact having been made up by the parties. In prosecution for offenses, it must be clearly erroneous to put a party upon his trial unless he has taken issue upon the charge by pleading to the indictment." In Bowen vs State, 108 Ind. 411—413, 9 N. E. 379, the court said: "Under the decisions of this court it can no longer be recognized as a subject of controversy that, where the record in a criminal case fails to disclose affirmatively that a plea to the indictment was entered either by or for the defendant, such record, on its face, shows a mistrial, and that the proceedings were, consequently, erroneous, to say the least." The same doctrine has been universally held by the supreme court of the state

of Illinois. See Aylesworth vs People, 65 Ill. 301; Johnson vs People, 22 Ill. 314; Hoskins vs People, 84 Ill. 87. In Yundt vs People, 65 Ill. 372, it was held that without an issue formed there could be nothing to try, and the party convicted could not properly be sentenced. See, also, Parkinson vs people, 135 Ill. 401–403, 25 N. E. 764. In the case of State vs Chenier, 32 La. Ann. 103, where the arraignment was made and plea entered after the commencement of the trial, and the trial then proceeded under the direction of the court, the supreme court of Louisiana said: "We cannot sanction such departure from ancient landmarks of criminal procedure. The prisoner must be arraigned, and must plead to the indictment before the case can be set down for trial or tried." In the case of Ray vs People, 6 Colo. 231, the supreme court said: "The statutes of Colorado require all criminal trials to be conducted according to the course of the common law, except where a different mode is pointed out. Without an issue, there was nothing to try; and, if the record failed to show an arraingment and plea prior to trial, the proceeding was a nullity." See State vs Van Hook, 88 Mo. 105, and to the same general effect are State vs Wilson, 42 Kan. 587, 22 Pac. 622; Jefferson vs State, 24 Tex. App. 535, 7 S. W. 244; Hicks vs State, 111 Ind. 402, 12 N. E. 522; State vs Agee, 68 Mo. 264; State vs Saunders, 53 Mo. 234. The motion in arrest of judgment should have been sustained, and the judgment arrested. There are other errors in the record; notably the conviction of defendant for the larceny of an unbranded animal over one year of age, running at large, Such animal is not the subject of larceny in this territory. See Section 1655, Mansf. Dig. For the reasons given, the judgment of the court below is reversed, and cause remanded, with instructions to the court to arrest the judgment, and discharge the defendant. Reversed and remanded.

CLAYTON and TOWNSEND, JJ., concur.

SPRINGER, C. J.  I dissent from the opinion of the court in this case.  My views upon the question involved are set forth at length in the opinion of this court in the case of Gaines vs U. S., reported in 1 Ind. Ter. 296 (q. v.). The opinion in the Dansby Case overrules that in the Gaines Case.  But I still adhere to the opinion in the Gaines Case. Mansf. Dig § 2454, provides that a judgment of conviction in a criminal case shall be reversed only for an error to the defendant's prejudice appearing on record.  There was no possible prejudice to the defendant in the error complained of in the case at bar, and the statute prohibits the court of appeal or a trial court from reversing a judgment in a criminal case unless for error prejudicial to the defendant.