State vs. Preston.

---

## No. 14,404.

### STATE OF LOUISIANA VS. ED. PRESTON.

#### SYLLABUS.

The record failing to disclose that the accused was arraigned, or that he pleaded to the indictment, or was called upon to plead, the verdict and sentence cannot stand.

APPEAL from the Fifteenth Judicial District, Parish of Calcasieu —*Miller, J.*

---

*Walter Guion,* Attorney General, and *Joseph Moore,* District Attorney, for Plaintiff, Appellee.

---

*Charles C. Egan,* for Defendant, Appellant.

---

The opinion of the court was delivered by

BLANCHARD, J. The accused was indicted for shooting with intent to kill and murder.

Tried by jury, he was convicted of shooting with intent to kill, and sentenced to imprisonment at hard labor for twelve months. He appeals.

It is absolutely essential to the validity of a verdict of conviction that the accused should be arraigned before put upon trial.

There was no arraignment in this case. The record shows none. And there was no waiver of arraignment, even if it could be waived. There was, therefore, no issue joined between the prisoner and the State, and the verdict and sentence cannot stand.

State vs. Epps, 27 La. Ann. 227; State vs. Revels, 31 La. Ann. 387; State vs. Ford, 30 La. Ann. 311; State vs. Christian, 30 La. Ann. 367; State vs. Chenier, 32 La. Ann. 103; State vs. Hunter, 43 La. Ann. 157; State vs. Fontenette, 45 La. Ann. 902; State vs. McMichael, 50 La. Ann. 428.

The fact that no legal verdict had been found, for want of arraignment of the defendant, was called to our attention by the Attorney. General, who asked that the sentence of the lower court be set aside for that reason.

It is ordered that the verdict and sentence appealed from be set aside and annulled, and that the case be remanded to be proceeded with according to law.