### BECK v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. April 2, 1906.)

No. 101.

1. CRIMINAL LAW—TRIAL—ISSUES.

Where the defendant in a criminal case was tried without having interposed a plea to any of the counts of the indictment except one, to which he pleaded not guilty, the issue made by such plea is the only one which can be tried.

2. POST OFFICE—USING MAILS TO DEFRAUD—VARIANCE BETWEEN INDICTMENT AND PROOF.

A defendant charged in the indictment with having devised a scheme to defraud, to be effected by means of the post office establishment, in violation of Rev. St. § 5480 [U. S. Comp. St. 1901, p. 3696], must be shown to have devised the particular scheme specified in the indictment, and cannot be convicted on evidence that is as consistent with a different scheme, which, although equally within the statute, is not charged.

[Ed. Note.—Use of mails to defraud, see note to Timmons v. United States, 30 C. C. A. 86.]

In Error to the Circuit Court of the United States for the Southern District of New York.

Max J. Kohler, for plaintiff in error.

Henry L. Stimson, U. S. Atty.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

WALLACE, Circuit Judge. Upon the authority of Crain v. United States, 162 U. S. 625, 16 Sup. Ct. 952, 40 L. Ed. 1097, as the defendant was tried without having interposed a plea to any of the counts of the indictment except one, it must be held that there was nothing for the jury to try except the issue made by the plea of not guilty to that count. That count charged the defendant with an offense under section 5480 of the Revised Statutes [U. S. Comp. St. 1901, p. 3696], which consisted (1) in having devised a scheme to defraud divers persons to the jury unknown by inducing them to purchase certain green paper, supposing they were purchasing the counterfeit obligations of the United States; (2) to be effected by opening correspondence with such persons by means of the post office establishment of the United States; and (3) which scheme defendant attempted to execute by mailing a letter in the post office at the city of New York on the 29th day of July, 1902, addressed to one Du Bois, containing, among other

things, instructions how to communicate with the seller. The evidence upon the trial did not show that such a scheme to defraud had been devised. The evidence was consistent with a scheme to sell counterfeit money, rather than one to sell green paper as counterfeit money. The trial judge instructed the jury that they could convict if they found the defendant had devised either scheme. This instruction was doubtless given because some of the other counts in the indictment alleged the scheme as being one to sell counterfeit money, and the court assumed that the defendant was upon trial under all the counts. The instruction was duly excepted to, and reaches an error which must lead to a reversal of the judgment. The effect of the instruction was to authorize the jury to convict the defendant of an offense for which he was not upon trial. One of the essential elements of the offense created by section 5480 is that the person charged must have devised one of the schemes therein enumerated. The defendant was on trial for one offense, and he may have been convicted of another.

The record presents a serious question, whether the evidence of the Rankin transaction, which took place nearly a year·after the offense for which the defendant was tried, was competent; but there are no exceptions which sufficiently reach the point.

The judgment is reversed.