Argued July 17, decided August 27, 1907.

## STATE *v.* WALTON.

[91 Pac. 495.]

CRIMINAL LAW—APPEAL—PRESUMPTION—PLEAS.

1. Though, under Section 1379, B. & C. Comp., a defendant is not entitled to move for a continuance until the case is at issue on a question of fact, and such an issue can be formed only by a plea of not guilty, or by refusal to plead, it will not be presumed from the fact that defendant asked for a continuance, that he had either pleaded or refused to do so.

SAME—ARRAIGNMENT—WAIVER.

2. It being essential to a conviction of a felony that defendant be arraigned, he cannot waive an arraignment by asking for a continuance and thereafter submitting to a trial without protest.

From Multnomah: JOHN B. CLELAND, Judge.

Upon information, the defendant was charged with an assault with a dangerous weapon by shooting one O. Nelson, for which he was tried, convicted and sentenced to the penitentiary for the term of five years. From the judgment and sentence of imprisonment, the defendant appeals.                          REVERSED.

For appellant there was a brief and an oral argument by *Mr. Henry St. Raynor.*

For the State there was a brief over the names of *A. M. Crawford,* Attorney General, *John Manning,* District Attorney, and *Gustavus C. Moser,* Deputy, with an oral argument by *Mr. Moser.*

Opinion by MR. COMMISSIONER KING.

An information was filed September 12, 1904, against defendant under Section 1771, B. & C. Comp, charging him with an assault with a dangerous weapon by shooting one O. Nelson, for which defendant was tried, convicted, and sentenced to imprisonment in the penitentiary for a term of five years. The defendant here is the same person charged with the crime of assault and robbery of one Emmanuel Johnson, in which case an opinion is filed at this time: 50 Or. 142 (13 L. R. A., (N. S.), 811: 91 Pac.

490). Both cases were tried at the same term of the circuit court, resulting in conviction in each case and in appeals to this court.

1. The two cases were submitted together, similar errors being relied upon in each, consisting of the alleged erroneous order of the court below in overruling objections made to imposing sentence, which were there interposed on the ground that defendant was tried and convicted without being called upon to enter a plea as to his guilt or innocence. The only difference between the two proceedings, as disclosed by the record thereof, is that in this case the defendant, through his counsel in open court, by written motion, asked for a postponement of the trial, while in the action charging him with assault and robbery no continuance was requested. In both actions it is maintained that defendant was not injured by his failure to enter a plea; but in the case before us it is specially insisted by the State, that since under Section 1379, B. & C. Comp., defendant was not entitled to move for a continuance until the case was at issue on a question of fact, and as such issue could have been formed only by a plea of not guilty, or by refusal to plead (B. & C. Comp. § 1375), it will be presumed that defendant either pleaded or refused to do so, and that, if such presumption cannot follow, it must then be held that defendant, by asking a postponement of the trial, and thereafter submitting to the proceedings without calling attention or in any manner objecting to the irregularity until after verdict, waived his rights to be called upon to enter a plea. All questions suggested here, except as to the effect of the motion for postponement, are considered and determined in our opinion filed at this time in *State* v. *Walton,* above adverted to. 50 Or. 142 (91 Pac. 490: 13 L. R. A. (N. S.) 811).

That it cannot be presumed a plea was entered by reason of any proceedings noted in the record, from which an inference to that effect may be drawn, is clearly

settled adversely to the position maintained by plaintiff in the following: *State* v. *Gilbert* (Or.), decided May 14, 1883 (unreported) ; *People* v. *Corbett,* 28 Cal. 328; *Hopt* v. *People of Utah,* 110 U. S. 574 (4 Sup. Ct. 202: 28 L. Ed. 262) ; *Crain* v. *United States,* 162 U. S. 625 (16 Sup. Ct. 952: 40 L. Ed. 1097).

2. The rule that it cannot be held that a defendant was legally convicted, and thus be deprived of his liberty, by a mere inference from the record, and that every step essential to a trial according to law must affirmatively and clearly appear, is fully recognized and included in the doctrine announced in *State* v. *Walton,* 50 Or. 142 (13 L. R. A., (N. S.), 811 : 91 Pac. 490), and as to whether defendant, by asking for a continuance and thereafter by submitting to trial without protest, waived the right to be called upon to plead to the facts charged against him, we think the same rule should apply as there announced. As stated in *Hopt* v. *People of Utah,* 110 U. S. 574 (4 Sup. Ct. 202: 28 L. Ed. 262) : "That which the law makes essential in proceedings involving the deprivation of life or liberty cannot be dispensed with or affected by the consent of the accused, much less by his mere failure when on trial and in custody to object to unauthorized methods."

Even had defendant intended to waive his rights in this respect, it must be remembered that this is a matter in which the public has an interest, and which cannot be left entirely to the wishes of the person on trial. Otherwise, a defendant might enter into a binding contract with the state through the district attorney, to go to the penitentiary for a certain number of years in satisfaction of an offense. But it is too well settled to need citation of authorities, that the public has such an interest in procuring a trial of the citizens of a state according to law as to preclude such proceedings. In *Hill* v. *People,* 16 Mich. 351, it was held that "it would approximate such

a position to hold that he might be bound by a contract providing for a trial before a court or jury unknown to the constitution or the laws, the result of which trial might be to place him in the same prison." In that case it was contended that the defendant, by failure to challenge a juror who was not a citizen of the United States, had waived his right to object to the proceedings after verdict; but it was there held that such waiver should not be recognized, and in discussing the question the Supreme Court of Michigan observe:

"Let it once be settled that a defendant may thus waive this constitutional right, and no one can foresee the extent of the evils which might follow; but the whole judicial history of the past must admonish us that very serious evils should be apprehended, and that every step taken in that direction would tend to increase the danger. One act of neglect might be recognized as a waiver in one case, and another in another, until the constitutional safeguards might be substantially frittered away. The only safe course is to meet the danger *in limine,* and prevent the first step in the wrong direction. It is the duty of courts to see that the constitutional rights of a defendant in a criminal case shall not be violated, however negligent he may be in raising the objection. It is in such cases emphatically that consent should not be allowed to give jurisdiction."

The same reasoning there adopted is applicable to the points involved here.

For the reasons given in *State* v. *Walton,* 50 Or. 142 (13 L. R. A., (N. S.), 811: 91 Pac. 490), as well as those here added, the judgment of the court below should be reversed, and a new trial ordered.          REVERSED.