THE STATE *v.* SAMUEL Y. BUGG and others.

A District Attorney, prosecuting on behalf of the State, may enter a *nolle prosequi* at his discretion, subject only to the right of the defendant, after trial commenced and evidence given, to insist on a trial. The court has no right to control the attorney of the State, in this respect.

The sureties in a bond to the State for the good behavior of a party and his appearance at court, may avail themselves of all the pleas which their principal could urge. A *nolle prosequi* entered as to their principal, will discharge them. -

APPEAL from the District Court of Madison, *Willson*, J.

*Bonham*, District Attorney, for the State.

*Dunlap* and *Stacy*, for the appellants. The District Attorney could not be controlled as to entering a *nolle prosequi*. 1 Moreau's Dig. 295, 375, 369. 2 Mass. Rep. 414. The *nolle prosequi* released the sureties. B. & C.'s Dig. 26, 27. Acts of 1813 and 1830. *State* v. *Dunbar et al.*, 10 La. 101. *State* v. *Pendergast,*

6r 63
48 133

6r 63
52 1308

6r 63
113 882

11 La. 69. *Commonwealth* v. *Wheeler et al.*, 2 Mass. 172. 7 Pickering, 173. 1 Chitty's Crim. Law, 480, 846–7.

MARTIN, J. The defendants are appellants from a judgment against them, as principal and sureties, in a bond to the Governor of the State, for the good behavior and appearance at court of the principal. The District. Attorney entered a *nolle prosequi* against the principal, notwithstanding which, judgment was given against the defendants; the court being of opinion, that it had power to control the prosecuting officer of the State in this respect. In our opinion it erred.

The State, like all other plaintiffs, has the undoubted right to dismiss all suits brought by it; and this is in the discretion of the attorney who prosecutes for it, and who is in possession of all the facts which render the dismissal of the suit advantageous to the State. We do not wish to be understood to say, that if, during the trial of a defendant, and after evidence given, the prosecuting attorney, to prevent a verdict against the State, offers to enter a *nolle prosequi*, the defendant could not resist the application, and insist on a verdict. The sureties, having a right to avail themselves of all the pleas which their principal may urge, were entitled to the benefit of the *nolle prosequi*, filed by the prosecuting attorney.

It is, therefore, ordered, that the judgment be annulled and reversed, and that there be judgment for the defendants.