## No. 12,428.

### STATE OF LOUISIANA VS. GEORGE HEARD.

The pleas were *autrefois acquit* and the invalidity of the proceedings, because of a copy substituted to the indictment lost.

*Former Jeopardy*—There was no *autrefois acquit*—the accused had not been arraigned and had not pleaded. It became, in consequence, necessary to discharge the jury prior to verdict. Without a joinder of issue the proceedings ·are null and can not serve as a basis for the plea of *autrefois acquit.*

*Copy of Indictment Lost.*—The indictment had been misplaced or lost.

As authorized by Act 17 of 1878, properly a true copy of record kept as required by the statute was substituted. The trial judge was satisfied that the indictment was lost; he therefore had the authority to replace the loss with an authenticated copy and to continue with the trial.

APPEAL from the Criminal District Court for the Parish of Orleans. *Baker, J.*

*M. J. Cunningham,* Attorney General, and *Robert H. Marr,* District Attorney, for Plaintiff, Appellee.

*Thomas F. Maher* for Defendant, Appellant.

Submitted on briefs March 6, 1897.
Opinion handed down March 15, 1897.

The opinion of the court was delivered by

BREAUX, J. The defendant was found guilty of manslaughter and sentenced to imprisonment at hard labor during a term of twelve years.

The defences are *autrefois acquit;* and the invalidity of the copy of the indictment under which he was tried.

With reference to the plea of once in jeopardy, for the crime charged, he alleged that after the jury had been sworn, it was discovered that no issue had been joined.

We copy from the record:

" Now comes counsel for defence and objects to any further proceedings being had herein, on the ground that there is no issue joined between the State and the defendant."

It appears that after the court had maintained the objection, the defendant's counsel objected to the jury being discharged.

Subsequently the plea of former jeopardy was filed in the District Court and overruled.

In our view, it was properly overruled.

The indicted person not having pleaded as he contended, he was not in jeopardy, though a jury had been sworn to try him. Bishop on Criminal Law, Vol. 1, par. 1029.

A conviction is an absolute nullity unless it affirmatively appears that the defendant pleaded to the indictment. State vs. Ford, 30 An. 311.

To entitle the defendant to the plea, the proceedings must have been valid.

He had been permitted by the court to withdraw his plea of not guilty, in order to permit him to file a challenge to the array of the grand jury and a motion to quash the indictment. The court, upon his motion, considered that he should have been arraigned after the challenge to the array and the motion to quash had been overruled, and for that reason, on defendant's motion that the trial could not be proceeded with, discharged the jury.

The defendant was bound by the action of the court, based upon his own showing, that he had not been arraigned. State vs. Byrd, 31 An. 419. Moreover, he had not been arraigned; he had been permitted to withdraw his plea; and to stand before the bar as if he had never been arraigned.

"There must be an issue joined before jeopardy can attach." Am. and Eng. Ency. of Law, Vol. II, p. 932.

We pass to the second of appellant's grounds—that he was made to answer, although there was no indictment against him.

We are informed by the recitals of a blll of exceptions that, while the jury was being empaneled, it was discovered that the indictment had been lost or mislaid. The court, being fully satisfied by the record and the statement of the District Attorney, that the original indictment had been lost or mislaid, ordered a copy, as he was authorized to order by Act 17 of 1878, and held the proceedings thereunder regular and legal. The statute in question makes it the duty of the clerk of court, within ten days after the adjournment of any term of court during which any bill of indictment has been filed, to record it; and further directs that in case of the loss or destruction of any recorded indictment, it shall be the duty of the judge, on proof of the loss, to order that a certified copy from the record be substituted for the original, and that further proceeding in the cause be had as on the original. The clerk had complied with the statute, and the judge, after proper substitution had been made, determined that there was no necessity for another copy and another arraignment.

The correctness of the copy is not questioned. It is, in addition, evident that the indictment was not to be found.

The ruling was not in any particular prejudicial to the defence, and was in accordance with the authority conferred by the statute.

Moreover, it was strictly a question of fact. With reference to the question of law, we deem it in point to state that a trial of the issue of the loss of the indictment *vel non* or of the copy, whether a true copy *vel non*, does not appear to have been contemplated by the Legislature in adopting the statute. The loss of the indictment having been shown to the satisfaction of the judge, and a true copy produced in compliance with his order, it then devolved upon the defendant to prove wherein an error had been committed.

In the absence of such proof we think the ruling is correct.

Lastly, upon this point the rule is well settled; alleged error will not be considered in a criminal case when the bill of exception does not fully set forth the error complained of. No objection was urged to the mode adopted by the trial judge to satisfy himself that the indictment was lost.

This completes a review of the issues. We find no ground upon which the accused can be relieved.

It is therefore ordered, adjudged and decreed that the verdict, sentence and judgment of the court *a qua* are affirmed.