## No. 12,762.

### STATE OF LOUISIANA VS. WM. WYATT.

#### ON MOTION TO DISMISS.

The appeal in a criminal case will not be dismissed *in limine* upon motion made to that effect on the ground that appellant reserved no bills of exception; that no assignment of error had been made, and no error was patent upon the face of the record. If the appeal was regularly taken the court will take cognizance of the cause and deal with it from the record. Brown vs. Land Co., 49 An. 1779.

Where the minutes of the court which show that an appeal had been taken on the 26th of February on behalf of the State in presence of the accused and his counsel is charged to be untrue and the cause being remanded for evidence on that point, appellee shows by parol testimony, introduced without objection, that no order of appeal was granted on the 26th, either in the presence of the parties or otherwise, he can not complain that by the testimony of the clerk and the District Judge it should be shown that the entry should have been made as for an appeal granted on the 23d of February. The more regular course to have been pursued was for the court to have ordered the minutes to have been amended and corrected and made to conform to the facts. As the law does not require that the accused, or his counsel, or either of them, should be present in court when the State takes an appeal from an adverse ruling, an erroneous statement that they were so present is an immaterial circumstance.

State vs. Wyatt.

ON THE MERITS.

The record showing that the accused was indicted on the 17th of February, 1897; that he was arraigned on the 23d August, 1897, pleading not guilty; that on the 26th of August the cause was continued to the next term of court; that on the 23d February, 1898, he filed a motion to quash the indictment, on the ground that the *venire* was drawn at a place other than the court house, and that defendant was up to that time ignorant of that fact *Held:* That the court erred in sustaining the motion. The motion to quash having been made by defendant after pleading to the merits, was too late, in the absence of an affirmative showing that neither the accused himself nor his counsel was ignorant of the facts when defendant pleaded. State vs. Brittin, 50 An. 277; State vs. Strickland, 41 An. 514; State vs. Robertson, 50 An. 92; State vs. Sterling, 41 An. 681; State vs. Henderson, 13 An. 490; State vs. Bazile, 38 An. 545; State vs. Hancks, 38 An. 469; State vs. Toups, 44 An. 904.

The circumstance that counsel may have acquired knowledge of the facts touching the *venire* at a time prior to his employment by defendant, and when he was not aware that the latter was charged with crime, does not have the effect of making such knowledge any the less (when he became employed) the knowledge of the accused in determining whether the motion to quash was filed tardily or not. State vs. Strickland, 41 An. 514; State vs. Frank M. Robertson. 50 An. 92.

ON APPEAL from the Fourth Judicial District Court, Parish of Jackson. *Machen, J.*

*M. J. Cunningham,* Attorney General, and *A. B. Hundley,* District Attorney, for Plaintiff and Appellant.

*C. P. Thornhill* for Defendant and Appellee.

Submitted on briefs November 12, 1898.
Opinion handed down December 5, 1898.

The opinion of the court was delivered by

NICHOLLS, C. J. The defendant, William Wyatt, was indicted by the grand jury of the parish of Jackson, on the 17th of February, 1897, for burglary and larceny, the regular term of the District Court having opened on the 15th of that month. The accused was arraigned on the 23d of August, 1897, pleaded not guilty, and asked for trial by jury. The case was fixed for trial for the 26th of August. On that day it was continued until the next term. On the 21st of February, 1898, the case was fixed for the 23d of that month. On that day defendant filed a motion to quash the indictment. The

motion was taken up, tried and sustained by the court. The testimony adduced on the trial of this motion was taken down and is transcribed in the record.

The motion to quash was as follows: "Defendant respectfully shows that the indictment returned against him herein is defective, null and void for the following reasons, to-wit:

"The grand jury which returned said indictment was illegal, null and void, because said grand jury was called and empaneled from a *venire* of jurors illegally drawn in this, that said *venire* was not drawn in the clerk's office in the court house as required by Act No. 99 of 1896, but if any such drawing actually took place, it took place at the commercial establishment of W. R. Carroll, in the town of Vernon. That the facts herein set forth as to the place of drawing the said *venire* of jurors was not known to this defendant until the twenty-third day of Febuary, 1898. Wherefore, the premises considered, he prays that the said indictment be quashed, annulled and set aside, and that he be discharged."

This motion was sworn to by defendant, but not by his attorney.

On the trial of the motion to quash W. R. Carroll, clerk of the court and one of the jury commissioners, was permitted to testify over objection to his being so allowed, urged by the District Attorney, and under a bill of exception reserved. He testified that he had been clerk of the court since 1892. The *venire* of jurors drawn for the February term of this court was drawn in his storehouse in the town of Vernon. The clerk's office in the town of Vernon was at the court house.

Cross-examined, he said: "My store is about seventy-five yards from the court house. The clerk's office is also occupied by the sheriff. The sheriff collects taxes a part of the time in the clerk's office. He also keeps a part of his books in the office. The clerk's office is about twelve feet by fifteen feet. We drew the jury at the store in order to have witnesses. I could not secure witnesses to witness the drawing of the jury at the clerk's office without having them to close the store. The witnesses who witnessed the *proces verbal* were present all the time during the drawing. I don't think any one else was present. I did the principal part of the office work at my store in 1897."

He testified further that Mr. Thornhill, attorney at law, wrote up the first part of the *proces verbal* at the clerk's request; that Mr.

Thornhill is defendant's attorney. Mr. Thornhill testified that he was not at that time counsel of Wyatt, and did not then know that there was a charge against him.

The State offered in evidence the minutes of the court in the case against the defendant, showing the arraignment of defendant and the fixing of the case for trial. The State, on the 5th of March, 1898, lodged a transcript of the case in the Supreme Court as having been appealed. In this transcript appear copy of the minutes of court of February 23, 1898, and February 26, 1898. The minutes of the 23d show that the motion to quash was filed, taken up, tried and sustained on that day. The minutes of the 26th show that the accused and his counsel being present, the District Attorney asked for and obtained an appeal to the Supreme Court returnable in ten days.

Defendant moved to dismiss the appeal on the grounds:

1. Plaintiff reserved no bill of exceptions to the ruling of the lower court, and there is no assignment of error, and no error patent upon the face of the record, without which there is no question presented for this court to determine or pass upon.

2. The transcript states in error that the order of appeal was asked for in open court in the presence of the accused and his counsel, whereas in truth and in fact no such order of appeal was asked for in the presence of the accused and his counsel, nor was the accused present in court at all on the 26th of February, 1898, at which time, according to the transcript, the appeal was asked for. Counsel for the accused was present on said 26th of February until the business of the court had been concluded, and the clerk was writing up the minutes thereof preparatory to final adjournment, but did not remain to hear the minutes read, and up to this stage of the proceedings no order of appeal had been asked for, and he was not aware that a transcript of appeal had been sent up to this court until advised to that effect by the clerk of this court.

3. That the State through the District Attorney had acquiesced in the judgment on the motion to quash.

In the event the court should hold that the first ground urged for dismissal was insufficient, defendant asked that the case be remanded to take testimony as to the facts contained in the second and third grounds.

On motion of appellant's counsel (the Attorney General consent-

ing) the court, on March 26, 1898, directed the cause to be remanded to the lower court to take testimony as to the facts contained in the second and third grounds of defendant's motion to dismiss.    Evidence was taken as directed and returned.    One R. J. Mitchell testified that he was present on the 23d of February, 1898, when the motion to quash was filed.    Defendant Wyatt was at witness' house on the 26th of February, 1898.    He did not visit the court house on that day.    Witness knew of his own knowledge that he was not present on that day.    The minutes of the court of February 26, 1898, which say that the appeal in this case was taken up in the presence of the accused and his counsel are erroneous in so far as the accused is concerned.    He was not in the court at all on that day.    Defendant's counsel, C. P. Thornhill, testified that he left the court house on February 26, 1898, before the final adjournment, and was not present at the taking of this order of appeal, as shown by the minutes of the case of the State vs. Wm. Wyatt.    He was the attorney who represented Wyatt in the motion to quash, and this appeal was not taken and entered in his presence.    On the day the motion to quash was sustained by the court, the court in concluding its remarks upon the motion to quash stated, by way of suggestion to the District Attorney, he had the right of appeal, and the District Attorney replied:    "Yes, I intend to do so."

The State placed both the District Judge and the District Clerk upon the stand as witnesses, and they testified over objection urged by the defendant that the minutes of the court were the judicial acts and declarations of the prosecution itself, and the prosecution could not be heard to contradict its own judicial acts, declarations and admissions.    The clerk testified that the judge makes a minute on his docket prepared for that purpose, and this is copied from the judge's docket; that he had examined the docket kept by the judge for the February term, 1898, and the docket shows that the State appealed.    Being asked "to explain why the regular minutes of the court (evidently of the 23d February), as copied from the judge's docket, does not show the order of appeal," he answered: "I overlooked the order in the transcribing of the minutes of 23d February, 1898, the day the order of appeal was granted and entered on the minutes."

This question and answer were objected to by the defence on the ground that the minutes of the court of the 26th of February, 1898,

showed that the appeal was asked for by the State on the 26th; that the minutes being the judicial admissions and declarations of the prosecution itself, no evidence.of any character was admissible to explain or contradict them. Being asked whether he knew of his own knowledge whether an order of appeal was asked for in open court in presence of the accused and his counsel, he answered he was not certain, but to the best of his recollection it was asked for in open court; he did not know whether accused and his counsel were present or not. The District Judge testified over the same objections that had been made to the questions propounded to and answered by the District Clerk. Being asked the question " whether he remembered when he passed upon the motion to quash, that the District Attorney, in the presence of the accused and his counsel, excepted to the ruling, reserved a bill and asked for an appeal," he answered that he was not positive, but his recollection was that at the conclusion of his remarks in passing upon the motion to quash, he observed to the District Attorney that he had a right to appeal if he desired to do so. The District Attorney thereupon reserved a bill to the ruling of the court and asked an appeal to the Supreme Court, which was granted, and he told the District Attorney to dictate his order of appeal, it being his usual custom in all cases of appeal to permit the attorneys to dictate their orders; that he then made an informal note on his docket that the State had taken an appeal.

To that portion of the Judge's answer touching the reserving by the District Attorney of a bill of exceptions to the Judge's ruling on the motion to quash, defendant urged the additional objection that if such bill was reserved the bill itself was the best evidence of that fact.

On the 26th of March, 1898, there was filed in this court a certified copy of three bills of exception signed by the District Court and filed therein on the 17th of March, 1898. The first bill was reserved to the action of the court in permitting defendant over objection of the District Attorney to file the motion which he did to quash the indictment, the District Attorney contending and objecting that defendant could not make such a motion after he had been arraigned and pleaded not guilty.

The second bill was reserved to the action of the court in permitting the clerk of court to contradict as a witness the recitals of the

*proces verbal* of the jury commissioners for the reason that the *proces verbal* was the best evidence of the proceeding$ of the jury commissioners, and that the clerk being a sworn officer of the court could not be heard to vary, alter or contradict, or change his own solemn acts underseal of the court, and that the motion failed to allege injury or fraud.

The third bill was to the action of the court sustaining the motion to quash the indictment.

These bills are not before us under such circumstances as would justify us in taking notice of them. They were not made part of the record below and embodied in the transcript either originally or on the remanding of the case for evidence, nor upon *certiorari* contradictorily. We will have to dispose of this case independently of them.

### On Motion to Dismiss.

This court has frequently dismissed appeals with the statement that it did so for the reason that there was neither demurrer, nor bill, nor assignment of error, nor points, nor arguments, nor any errors apparent of record. State vs. Potter, 10 An. 281, was a case of that character, but this dismissal was not made *in limine* on a motion to dismiss, but after an examination of the record by the court. In order to say that there is no error apparent of record we have to take cognizance of the case. Brown vs. Land Co., 49 An. 1779. The more logical form of judgment in such cases would be an affirmance of the judgment appealed from. The minutes of the court as sent up in the "record" show an appeal taken by the State in this case on the 26th of February, 1898, in the presence of the defendant and his counsel. Defendant challenged the correctness of that statement. The proper method of proceeding if there was error therein was to have had the minutes amended and made to conform to the truth. As matters took shape testimony was taken on part of appellant to show that no order of appeal was granted on the 26th of February, 1898, as recited in the minutes, either in or out of the presence of the accused and his counsel. Error in the minutes has been shown unquestionably. No order of appeal was granted on the 26th of February, but an order was granted on the 23d of February, and should have been made to so appear on the minutes of that day. If the order was granted it is immaterial in this case whether it was

granted on the 23d or 26th of February, 1898. Appellant complains that the clerk and District Judge should have been permitted to testify as to the actual facts. We think, as we have said, that the proper course would have been for the minutes to have been amended to conform to the truth. The truth being that an order of appeal was granted on the 23d, we think, as matters stand, it is immaterial to the appellant whether it was ascertained by amendment or testimony. Appellant himself having attacked the minutes as erroneous and introduced testimony in support of that contention, the State was entitled in some way to show the actual facts. It was not necessary for the legality of an order of appeal that either the defendant or his counsel should have been present at that time. A statement on that subject in the minutes even if erroneous would be immaterial, It is not shown that defendant was not in court on the 23d of February when the order was granted.

There was no attempt made by appellant to show an acquiescence by the State in the judgment.

We think the motion to dismiss not well grounded, and the dismissal is therefore refused.

## ON THE MERITS.

The record shows on its face that defendant was indicted on the 17th day of February, 1897; that he pleaded not guilty on the 23d day of August, 1897.

That on the 23d day of February, 1898, he filed a motion to quash the indictment, which was, at once, taken up, argued and sustained, and that the State appealed immediately. The Attorney General claims that the motion to quash was taken too late for the reason that the defendant had pleaded to the indictment. We think his contention on this point (borne out on the face of the record as to the facts asserted) is well taken. The case falls under and is controlled by the principles announced in State vs. Adam Robertson, 50th Annual, not yet reported; State vs. Sterling, 41 An. 681; State vs. Jack Brittin, 50 An. 277. Appellant attempts to justify his delay in not moving sooner to quash on the ground that he was not aware of the facts on which the motion was grounded until the 23d of February, 1898; but it is not shown that his counsel was not aware of those facts before, and if so, he should have acted on this knowledge sooner. State vs. Strickland, 41 An. 514; State vs. Robertson, 50th Annual, not yet reported.

In determining, in any particular case, whether counsel has acted tardily or not, the circumstance that the facts may have come to the knowledge of the attorney at a date anterior to his connection with the defendant's case does not dispense him from the duty of acting promptly upon the information in his possession at the time of his employment.

For the reasons assigned it is hereby ordered, adjudged and decreed that the ruling and action of the District Court appealed from herein sustaining motion to quash the indictment found against him be hereby annulled, avoided and reversed and set aside, the cause reinstated and remanded to the District Court for further proceedings according to law.