(37 South. 863.)

No. 15,461.

STATE v. BRACKIN.

(Jan. 16, 1905.)

CRIMINAL LAW—PLEA—NOT GUILTY—ENTRY OF NOLLE PROSEQUI—EFFECT.

1. When the plea of not guilty, interposed in a prosecution for felony, is withdrawn, and the plea, demurrer, or motion substituted therefor is overruled, the plea of not guilty is not thereby reinstated, and should be re-entered before trial.

2. The authority of the prosecuting officer, in a case of felony, to enter a nolle prosequi after the trial has begun and before verdict, is subject only to the right of the defendant to insist upon going on with the trial; and, if he does not so insist, the nolle prosequi operates only to discharge the particular indictment or information under which he is being prosecuted, and does not bar a subsequent prosecution for the same offense.

(Syllabus by the Court.)

Appeal from Tenth Judicial District Court, Parish of Concordia; J. L. Dagg, Judge.

John Brackin was convicted of assault with intent to kill, and appeals. Reversed.

Nathan Mcredith Calhoun, for appellant. Walter Guion, Atty. Gen., and Hugh Tullis, Dist. Atty. (Lewis Guion, of counsel), for the State.

### Statement.

MONROE, J. The charge was made against defendant, by information, that "he did, feloniously, and with intent to kill one Charles Pinckney, shoot said Pinckney with a dangerous weapon, to wit, a pistol"; and, having been arraigned and pleaded, he was placed on trial, and some testimony was adduced on behalf of the state, when the district attorney, with leave of the court, and without objection from defendant, entered a nolle prosequi. On the following day the district attorney filed another information, charging that the defendant "did feloniously assault one Charles Pinckney, by willfully shooting at him, said Pinckney." The defendant was again arraigned, and pleaded not guilty, and the case was set for trial. When it was called for trial, a few days later, the defendant, with leave of the court, withdrew his plea of not guilty, and filed a plea of autrefois acquit, which was taken up, tried, submitted to the court, and overruled, to which ruling the defendant objected, and reserved a bill of exceptions. The case was then taken up, and, without further arraignment of the defendant, or plea by or for him, a jury was impaneled, and the trial proceeded, with the result that he was convicted of the offense charged in the information. He has appealed from a sentence of imprisonment at hard labor, and presents his case to this court by means of an assignment of error and bill of exception. He submits to this court (1) that his trial and conviction without arraignment or plea were illegal; (2) that the court erred in overruling the plea of autrefois acquit. The record shows certain admissions, and, among them, that the persons named and the shooting charged in the two informations are the same. It also

shows that the defendant unsuccessfully moved for a new trial and in arrest of judgment.

## Opinion.

It has several times been held by this court, and the doctrine appears to be sustained by weight of authority, that where the plea of not guilty is withdrawn, and the plea, demurrer, or motion substituted is overruled, the plea of not guilty is not thereby reinstated, and should be re-entered, before trial. State v. Hunter and Frank, 43 La. Ann. 157, 8 South. 624; State v. Stewart, 45 La. Ann. 1167, 14 South. 143; Ency. Pl. & Pr. vol. 2, p. 79; Cyc. vol. 12, p. 345. In some cases it has been held, though not by this court, that where the plea is withdrawn, conditionally, for a special purpose, and the purpose fails, the effect is to re-enter the withdrawn plea; but in the case at bar there was no condition attached to the withdrawal of the plea, and nothing to indicate the purpose. When, therefore, the plea of autrefois acquit was overruled, the plea of not guilty being functus officio, there was no issue before the court, and the trial could not legally have proceeded. State v. Ford, 30 La. Ann. 311; State v. Christian, Id. 367; State v. Revells, 31 La. Ann. 387; State v. Heard, 49 La. Ann. 376, 21 South. 632.

The plea of autrefois acquit, as relied on in this case, is based upon the proposition that the nolle prosequi entered by the district attorney as to the first information was, "in legal effect," an acquittal. But such was not the case. A nolle prosequi amounts to neither an acquittal nor a pardon. It is simply a discharge of a particular indictment as to which it is entered, and is no bar to a future indictment for the same offense. State v. Hornsby, 8 Rob. 583, 41 Am. Dec. 314.

It is true that in the case cited the nolle prosequi had been entered before the accused had been put on trial the second time —a new trial having been granted him—and the court said: "But whether this power [to enter a nolle prosequi], even with the permission of the court, can be exerted without working an acquittal of the accused after the jury impaneled to try have received the charge of the court and retired to consider their verdict, it is unimportant here to inquire," etc.; and so it is unimportant to make that inquiry here, since it is fairly well settled in this state that before the jury is impaneled the matter is entirely under the control of the prosecuting officer, and after the jury has been impaneled, and before verdict, his authority to enter a nolle prosequi is subject only to the right of the defendant to insist upon a trial. State v. Bugg, 6 Rob. 63; Farrar v. Steele, 31 La. Ann. 642; State ex rel. Bier v. Judge, 48 La. Ann. 144, 18 South. 956; State v. Frazier et al., 52 La. Ann. 1308, 27 South. 799.

It does not appear that the present defendant insisted upon going on with the trial, or objected to the entering of the nolle prosequi upon which he now relies. It therefore operated merely to discharge the particular information under which he was being tried, and his plea of autrefois acquit was properly overruled.

For the reasons thus assigned, it is ordered, adjudged, and decreed that the verdict and sentence appealed from be annulled, avoided, and reversed, and that this case be remanded to be proceeded with according to law.