MONROE, C. J.
The state has appealed from a judgment sustaining a motion in arrest, based upon the averment that defendant, having waived arraignment and pleaded not guilty, withdrew the plea and moved to quash the indictment, which motion having been overruled, the trial proceeded to conviction, without his having been arraigned, or again waiving arraignment, or again pleading.
Appellant relies upon the ruling in State v. Gregg, 123 La. 613, 49 South. 212, in which the following entry appeared upon the minutes:
“Counsel for defendant in open court moves to withdraw his plea of not guilty and files a-demurrer. Demurrer overruled. To which ruling counsel for defendant reserves bill of exceptions.”
After which ruling, the case was tried, without rearraignment or plea, defendant was convicted, and his motion for new trial, alleging that the trial was void for want of an issue, was overruled. In view of which it was held by this court, on the appeal, that—
“ ‘A plea in abatement or a motion to quash, irregularly permitted to be filed after a plea of not guilty, does not operate as a withdrawal of the plea of not guilty.’ 12 Cyc. 352. The withdrawal of pleas is a matter wholly within the discretion of the court. 12 Cyc. 350; Marr’s Crim. Jurisprudence of La. 436, 437. A motion to withdraw is not equivalent to a withdrawal, nor is the silence of the judge tantamount to a leave to withdraw. After the making of this dubious record, both parties treated the plea of not guilty as existent and proceeded to trial.”
And the conviction was affirmed.
In the instant case, the minute entry reads:
“The trial of this case having been regularly fixed for this day, the accused and his counsel and the district attorney, all, being present in open court, the accused withdrew his plea and now files a motion to quash the indictment filed against him, which motion was submitted and overruled. The district attorney then called the accused for trial and announced his readiness, as likewise did the accused. Then came the following jurors,” etc.
To which is to be added the fact that the judge, who, presumably, knew whether he had given his consent to the withdrawal of the plea of not guilty, thereafter sustaihed the motion in arrest. In any event, we are of opinion that, while the entry upon the minutes of a motion to withdraw (such as appeared in the Gregg Case) does not necessarily imply the consent of the judge to the withdrawal, the entry, as in this case, that “the accused withdrew his plea of not guilty,” does carry that implication, since the judge is expected to know what the minutes contain and to approve, or disapprove, them, as the case may be.
In State v. Hunter & Frank, 43 La. Ann. 159, 8 South. 624, it appeared that the plea of not guilty was withdrawn, with the consent of the court; that, though the accused was not thereafter arraigned and did not personally enter any plea, the plea of not guilty was entered for him, by the district attorney, and he was thereupon tried and convicted.
“The absolute requirement of the law, that the accused must plead personally to the indictment on arraignment,” said this court, “cannot be cured by the fact that he was brought into court, and tried without objection, because there was no issue between the accused and the state, without which it was irregular to proceed to trial” — citing authorities.
Later cases supporting that ruling are: State v. Stewart, 45 La. Ann. 1167, 14 South. 143; State v. Heard, 49 La. Ann. 375, 21 South. 632; State v. Preston, 107 La. 521, 32 South. 67; State v. Brackin, 113 La. 879, 37 South. 863; State v. Doucet, 136 La. 180, 66 South. 772.
The judgment appealed from is therefore affirmed.