(93 South. 119)

No. 25254.

### STATE v. CHANEY.

(On Motion to Dismiss, May 22, 1922. On Further Consideration of Motion to Dismiss, June 30, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law** ⬉113l(3)—**On motion to dismiss, case remanded to have facts as to order of appeal determined.**

On motion to dismiss the state's appeal for want of a sufficient order of appeal, where it appears that the minutes have been changed to show an order different from that originally entered, the case will be remanded to have the true facts shown contradictorily with the defendant as to what the original entry was, and if, when and in what manner it was changed.

#### On Further Consideration of Motion to Dismiss.

2. **Courts** ⬉116(3)—**Minutes may be corrected to show what took place, but not by adding record of something not taking place.**

The minutes of a court may always be corrected to show the true facts as to what took place, by correcting what is erroneously recorded, or adding that which has been omitted, but not to insert a fact or order which did not happen or was not actually granted.

3. **Criminal law** ⬉1072—**Direction to clerk to fix return day held a new order of appeal, though clerk corrected original entry.**

Where the order of appeal first granted fixed no return day, the court's direction to the clerk the following day to fix the return day as Tuesday, April 18th, was really a new order of appeal, and, being within the delay allowed by law, was sufficient, though the clerk, instead of entering a new order, attempted to correct the original entry.

4. **Criminal law** ⬉1072—**Presence of defendant or counsel at granting of order of appeal held unnecessary.**

Where the order of appeal first granted on the state's application fixed no return day, it was not necessary that accused or his counsel should be present at the granting of a second order of appeal.

#### On the Merits.

5. **Criminal law** ⬉968(5)—**Judgment properly arrested when defendant not rearraigned after withdrawal of plea.**

Where after accused was arraigned he was permitted to withdraw his plea to file a motion to quash and was not rearraigned after the motion was overruled a motion in arrest of judgment was properly sustained.

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Dr. Bailey E. Chaney was convicted of an attempt to commit arson and a motion in arrest of judgment was sustained, and the State appeals. Affirmed.

A. V. Coco, Atty. Gen., John Fred Odom, Dist. Atty., of Baton Rouge (Charles A. Holcombe, of Baton Rouge, and T. Semmes Walmsley, of New Orleans, of counsel), for the State.

J. H. Pugh, of Plaquemine, I. D. Wall and H. K. Strickland, both of Baton Rouge, and Albin Provosty, of New Roads, for appellee.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

DAWKINS, J. Defendant was indicted, tried, and convicted of an attempt to commit arson. On a motion in arrest of judgment, the conviction was set aside and a new trial ordered, for the reason that, after withdrawing his plea of not guilty, and the overruling of a motion to quash, he was not again rearraigned. The state appealed, and defendant has moved to dismiss upon the allegation that when the order of appeal was granted, no return day was fixed as now required by law, but the appeal was made returnable "according to law."

### On Motion to Dismiss.

[1] The record filed in this court discloses that the appeal was made "returnable to the honorable Supreme Court of Louisiana Tuesday April 18, 1922"; and while the motion to dismiss alleges that the order of appeal was originally made "returnable according to law," and was subsequently illegally altered, there is no prayer for a remanding of the case to establish that contention. However, the state, on the day of argument, filed in this court a certificate of the clerk of the lower court, purporting to verify a minute entry dated April 29, 1922, 14 days after the transcript had been lodged here, which is as follows:

"The court's attention being directed to the fact that the order of appeal in this case entered in the minutes of March 30, 1922, as follows:

" 'This case came on on the motion in arrest of judgment, the accused being present in court and represented by counsel, when after the argument of counsel, was submitted to the court and by the court sustained. On motion of the district attorney, an order of appeal was entered herein returnable to the honorable Supreme Court according to law.'

"Which order was corrected on March 31, 1922, in open court to read as follows:

" 'This case came on on the motion in arrest of judgment, the accused being present in court and represented by counsel, was submitted to the court, and by the court sustained. On motion of the district attorney, an order of appeal was entered herein returnable to the honorable Supreme Court of Louisiana, Tuesday, April 18, 1922.'

"In order to fix the return day as the return day as the law directs, the said correction having been made by erasure and interlineations of the words 'Tuesday' and 'April 18th,' instead of by formal minute entry of the correction on March 31, 1922, it is now ordered that this explanation of the manner in which this entry was corrected be entered in the minutes as of date March 31, 1922, and that a certified copy hereof be forwarded to the clerk of the Supreme Court."

It being thus conceded that the minutes in the record filed in this court had been changed so as to show an order of appeal different from that originally entered, under the circumstances we think it best to remand the case for the purpose of having the true facts shown contradictorily with the accused as to what the original entry was, if, when, and in what manner it was changed, whether the accused was notified, present, or represented, with such other facts as may be pertinent thereto; and

It is so ordered.

### On Further Consideration of Motion to Dismiss.

This case was remanded for the purpose of determining whether or not there had been a proper and timely order of appeal on the part of the state from a judgment sustaining a motion in arrest of judgment. This evidence has been taken, and the case is now again before us for consideration.

### Motion to Dismiss Appeal.

The facts surrounding the granting of the appeal were as follows: When the motion in arrest was sustained on March 30, 1922, the state asked for and was granted an appeal "returnable to the honorable Supreme Court according to law." The next day, the district attorney having discovered that this order was not in conformity with the law, called the court's attention to the matter in open court, and the judge directed that the return day be fixed as Tuesday April 18, 1922, instead of according to law, which was done by erasing the words "according to law" and inserting in their stead the day of the week, month, etc. This was done without the knowledge or consent of the accused or his counsel, who only discovered it after the transcript had been lodged in this court.

Undoubtedly, if the minutes showed that the counsel for the state had asked for and obtained a new order of appeal on the next day, March 31st, after the one of the 30th was made, it would have been timely, and the court would have had the perfect right to grant it, for the delays had not yet run, and the former order was without effect because of the failure to fix a definite return day. Did the correction of the minutes, as was done, cure the defect in the original order or what was actually done amount to the granting of a new order? The lower judge makes the following statement as to what took place on March 31st, to wit:

"The motion in arrest of judgment was sustained on the 30th. Counsel for the state asked for an order of appeal to the Supreme Court returnable according to law. The court directed the clerk to enter the order of appeal as applied for. On the following morning the district attorney called the court's attention to the fact that the return day was not fixed in the order; the court thereupon issued an order to the clerk, directing the clerk to fix the return day on the order of appeal on the 18th; and the clerk then interlined the original entry, instead of preparing another new order as of that date."

[2, 3] The minutes of a court may always be corrected to show the true facts as to what took place, whether it be to correct what is erroneously recorded, or to add that which has been omitted; but we know of no law which authorizes the insertion in such a record of a fact or order which did not happen or was not actually granted. The minutes are supposed to represent a true record of matters necessary to be entered as they transpire, and the putting of facts therein which did not happen on the date which they cover, is, in effect, the making of an incorrect record. However, what the court did in this case was really to grant a new order on the 31st of March, and it matters not that, instead of actually entering a new order, the clerk attempted to accomplish the same result by correcting the original entry. The court granted a legal order of appeal, and fixed a proper return day within the delays allowed by law, and we shall treat as having been done (i. e., the recording in the minutes of March 31st the proper order of appeal) that which should have been done, as disclosed by the proof.

[4] It was not necessary that the accused or his counsel should have been present at the granting of the second order of appeal. State v. Wyatt, 50 La. Ann. 1308, 24 South. 335. The authorities cited by counsel for defendant as to the necessity for the accused or his counsel's presence at the correction of the minutes of court deal with matters happening during the course of the trial, and have no application to the granting of an order of appeal.

The motion to dismiss is therefore denied.

### On the Merits.

[5] The record discloses that the accused was first arraigned, and was later permitted to withdraw his plea for the purpose of filing a motion to quash the indictment; the motion was overruled, and accused was not rearraigned. It was upon this ground that

the lower court sustained the motion in arrest of judgment. The ruling was in accord with a long line of decisions by this court. State v. Butler, 149 La. 1036, 90 South. 395; State v. Doucet, 136 La. 180, 60 South. 772; State v. Brackin, 113 La. 879, 37 South. 863; State v. Heard, 49 La. Ann. 375, 21 South. 632; State v. Stewart, 45 La. Ann. 1164, 14 South. 143; State v. Hunter, 43 La. Ann. 157, 8 South. 624.

Counsel for the state have cited authorities from the other states showing that the tendency has been to depart from this ruling, where the accused has proceeded to trial without objection and the case treated as at issue for all practical purposes, and ask that we now reverse this well-established jurisprudence of our own. While recognizing the force of the doctrine of the cases relied upon from the other states, we cannot see our way to make this radical departure from the interpretation of the law heretofore adopted. If the lawmaking department of the state sees fit, it may make the change, without our having to reverse the rule, which has become thoroughly imbedded in our jurisprudence, holding that a criminal case must be put at issue by the plea of the accused.

For the reasons assigned, the judgment appealed from is affirmed.