(106 So. 301)

No. 27367.

## STATE v. SMITH.

(Nov. 2, 1925.)

*(Syllabus by Editorial Staff.)*

Criminal law ⚖=968(5)—Judgment properly arrested when defendant not rearraigned after withdrawal of plea.

Where defendant, indicted for offense denounced by Rev. St. 1870, § 865, was permitted to withdraw plea of not guilty and file motion to quash indictment, and was not rearraigned, though called for rearraignment, after such motion was overruled, motion in arrest of judgment was properly sustained after jury returned verdict of guilty.

Appeal from Fourteenth Judicial District Court, Parish of Calcasieu; Thomas F. Porter, Jr., Judge.

Joe Smith was convicted of an offense, and his motion in arrest of judgment was sustained. The State appeals. Affirmed.

Percy Saint, Atty. Gen., John J. Robira, Dist. Atty., and S. H. Jones, Asst. Dist. Atty., both of Lake Charles (Percy T. Ogden, Asst. Atty. Gen., of counsel), for the State.

Griffin T. Hawkins, of Lake Charles, for appellee.

BRUNOT, J. The defendant was indicted for the offense denounced by R. S. § 865. He was arraigned, pleaded not guilty, and the case was assigned for trial. Before the trial, and with the permission of the court, he withdrew his plea and filed a motion to quash the indictment. The motion to quash was argued, submitted, and taken under advisement by the court, and was later overruled. On May 12, 1925, the defendant was called for rearraignment, but failed to answer, and on the following day he was tried and convicted. Following the rendition of the verdict and the discharge of the jury, counsel for defendant filed a motion in arrest of judgment. The substance of the motion in arrest of judgment is that defendant's plea of "not guilty" had been withdrawn with the permission of the court, and issue was therefore not joined between the state of Louisiana and the defendant by rearraignment before his trial. The district judge sustained the motion in arrest of judgment, and the state appealed.

The learned Attorney General and district attorney have filed an able and exhaustive brief. They cite many authorities, correctly holding that reversible error is such error as results in prejudice or injury to the defendant. They also cite a long line of decisions from other jurisdictions upon the waiver of arraignment expressly, or by acts equivalent thereto, or by silence, under certain circumstances. There is cogent reasoning in many of the cited cases on this point, but none of them are in accord with the jurisprudence of this state. We find but one decision of this court which might be regarded as supporting the state's contention. It is the case of State v. Jerry, 3 La. Ann. 576. That case involved the trial of a slave before a tribunal created by Act 137 of 1846. The act provides:

"That such slaves as may be accused of a capital crime, or of capital crimes, shall be tried by a tribunal to be composed of 2 justices of the peace and 10 owners of slaves resident in the parish where the crime or crimes may have been committed. * * *"

The trial was before a tribunal composed of persons not versed in the law or in court procedure, and we may reasonably assume that it was conducted without exact reference to either. Since the Jerry Case, however, this court has decided the question now before us in ten opinions, viz., State v. Hunter, 43 La. Ann. 158, 8 So. 624; State v. Stewart, 45 La. Ann. 1167, 14 So. 143; State v. Heard, 49 La. Ann. 375, 21 So. 632; State v. Brackin, 113 La. 879, 37 So. 863; State v. Doucet, 136 La. 180, 66 So. 772; State v. David, 146 La. 8, 83 So. 318; State

v. Butler, 149 La. 1036, 90 So. 395; State v. Domengeaux, 151 La. 341, 91 So. 758; State v. Larrivierre, 151 La. 399, 91 So. 778; State v. Chaney, 152 La. 347, 93 So. 119.

The principle announced in the opinions last cited has become the fixed jurisprudence of the State, and so it must remain until the Legislature, in its wisdom, may see fit to enact otherwise.

We think the judgment is correct; and it is therefore affirmed.