285 So.2d 532 (1973)
STATE of Louisiana
v.
Willie TRIPLETT et al.
No. 53719.
Supreme Court of Louisiana.
October 29, 1973.
Rehearings Denied November 30, 1973.
*533 Patsy Jo McDowell, Baton Rouge, Vincent Wilkins, Jr., Lake Charles, Edwin M. Callaway, Baton Rouge, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Alton T. Moran, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Willie Triplett, Lawrence Starks and Henry Sterling were charged with attempted armed robbery and were convicted after trial by jury. Starks and Sterling were sentenced to serve fourteen years each at hard labor, Triplett to serve six. Defendants now appeal, relying on three bills of exceptions,[1] and alleging one error patent on the face of the record for reversal of their convictions and sentences.
Bill of Exceptions No. 1
Defendants argue that the trial court erred in overruling their objection to the introduction of S-7, a sketch of the scene drawn by Police Officer Alford. Defendants contend that a foundation should have been laid to show that the sketch was an accurate representation of the area.
There is no merit in this contention. Officer Alford was the arresting officer; he returned to the scene of the crime and drew a sketch of the area. He identified S-7 as that same sketch. The foundation was thus laid. The fact that the sketch was not absolutely accurate in every detail and distance does not negate its relevancy. Any objection to this effect would go to the weight accorded the sketch by the jury, rather than to its admissibility. See State v. Dowdy, 217 La. 773, 47 So.2d 496 (1950).
Bill of Exceptions No. 3
Defendants argue that the trial court erred in not granting their motion for a directed verdict, since the State allegedly had failed to present any evidence to prove a specific intent to rob Jim Walters, the person named in the bill of information, or any other person.
In State v. Douglas, 278 So.2d 485 (La. 1973), this court ruled C.Cr.P. 778 constitutional and held "that the language in Article 778, `. . . if the evidence is insufficient to sustain a conviction,' refers to a *534 situation in which the prosecution had produced `no' evidence to prove a crime or an essential element." 278 So.2d 485, 491.
R.S. 14:27, the attempt article, states:
"Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose."
Thus, the two essential elements are the specific intent and the overt act or omission. Intent is a question of fact and may be inferred from any facts and circumstances that may be shown to exist. R.S. 14:445, State v. Vines, 245 La. 977, 162 So.2d 332 (1964). Relative to the overt act, R.S. 14:27 further states:
"Mere preparation to commit a crime shall not be sufficient to constitute an attempt; but lying in wait with a dangerous weapon with the intent to commit a crime, or searching for the intended victim with a dangerous weapon with the intent to commit a crime, shall be sufficient to constitute an attempt to commit the offense intended."
Here, there was testimony that the car was parked behind the Burger King parking lot with the lights off, that the restaurant was closed and occupied only by the manager and clean-up crew, that Starks was seen easing through the bushes toward the rear parking lot with something in his hands, that this turned out to be a loaded sawed-off shotgun which Starks threw under a bush as the police drove up to the rear of the car, that Starks had a ladies' stocking in his left hand, and that it was late at night and no other persons were in the area. Considering this evidence, we cannot say that there was nothing before the jury from which it could have found intent, nor can we say that there was no evidence to show that the requisite overt act was committed.
The bill is, therefore, without merit.
Bill of Exceptions No. 4
Defendants contend that the trial court erred in not granting a mistrial when some of the jurors saw two of the defendants in handcuffs. Where defendants were on trial for a serious crime and where there had been a previous outburst by one of the defendants, we find no abuse of discretion nor prejudice to the defendants warranting a reversal. See State v. Crockett, 262 La. 197, 263 So.2d 6 (1972).
The bill is without merit.
Defendants argue that, although no objection was made nor charge requested, the trial court should have given a limiting charge to the jury relative to consideration of the evidence of other crimes that was introduced, and that failure to do so was reversible error.
No bill was reserved; therefore, our review is limited to errors patent on the face of the record. C.Cr.P. 920. The trial court's charge to the jury is not part of the record for this purpose. See State v. Sanford, 248 La. 630, 181 So.2d 50 (1965). This specification of error thus presents nothing for this court to review.
However, the minutes do show that defendant Triplett was sentenced prior to the expiration of the twenty-four hour delay provided for in C.Cr.P. 873. The record discloses no waiver by Triplett of this delay; therefore, we note ex proprio motu that the sentence was premature.
For the reasons assigned, the convictions and sentences of Starks and Sterling are affirmed; the conviction of Triplett is affirmed and that case is remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge for resentencing of defendant Triplett in compliance with law.
*535 SUMMERS, J., concurs in result for reasons assigned.
BARHAM, J., dissents with reasons.
SUMMERS, Justice (concurring).
The result of this case affirming the convictions is correct, but I do not agree with the language of the opinion approving the holding in State v. Douglas, 278 So.2d 485 (La.1973), which upheld the constitutionality of Article 778 of the Code of Criminal Procedure, the directed verdict article. In my concurring opinion in State v. Ferdinand, La., 285 So.2d 530 decided this day, I pointed out the usurpation of the district attorney's authority which results from the authority to direct verdicts vested in the judge by Article 778.
The district attorneys of this State have long been vested with the power and authority to control every criminal prosecution, and determine whom, when, and how he shall prosecute. La.Code Crim.Proc. Art. 61. Implicit in this authority is the power to dismiss a prosecution. La.Code Crim.Proc. Art. 691. This power to dismiss is unfettered before the jury is impaneled, and after the jury has been impaneled, and before verdict, his authority to enter a nolle prosequi is subject only to the right of the defendant to insist upon a trial. State v. Brackin, 113 La. 879, 37 So. 863 (1905).
To permit the judge to direct a verdict usurps and conflicts with this prerogative of the district attorney. This is only one more objection to the directed verdict in addition to the other objections more fully expressed in State v. Hudson, 253 La. 992, 221 So.2d 484 (1969), and my dissent in State v. Douglas, supra.
BARHAM, Justice (dissenting).
I am of the opinion that excellent police work prevented these defendants from committing some crime. However, I am not persuaded of what particular crime the defendants were about to commit. Was it murder, aggravated battery, armed robbery or some other crime? Who was to be the victim of that crime? All these crimes mentioned require as an essential element that a natural person be the victim.
I regret I can not join the majority in finding intent and overt act sufficient to establish "attempted armed robbery of Jim Walters".

SUPPLEMENTAL OPINION
PER CURIAM.
Based upon the minutes contained in the record, we noticed ex proprio motu that defendant Triplett was sentenced prior to the expiration of the delay provided for in Article 873 C.Cr.P. and without waiver of same. We remanded for the re-sentencing of Triplett in compliance with law.
A joint stipulation has been filed in this Court reciting:
"It is stipulated by and between the State of Louisiana represented by Alton T. Moran and Vincent Wilkins, counsel for defendant, Willie Triplett, that a motion for a new trial was filed by the defendant, Willie Triplett; that this motion was heard and denied on December 7, 1972; and that the accused, Willie Triplett was sentenced on January 12, 1973.
"It is further stipulated that the minute entry on January 12, 1973 relating to the motion for a new trial is incorrect and the correct minute entry is dated December 7, 1973."
In view of the aforesaid stipulation, Triplett's sentence was imposed in accordance with law.
Accordingly, that portion of our original decree remanding the case to the Nineteenth Judicial District Court, Parish of East Baton Rouge for re-sentencing of defendant Triplett is set aside. The convictions and sentences of Starks, Sterling and Triplett are affirmed.
NOTES
[1] Five bills were perfected; however, defendant abandoned in brief bills numbered 2 and 5.