JOAN BERNARD ARMSTRONG, Chief Judge.
^STATEMENT OF CASE
On May 31, 2005, the State filed a bill of information charging the defendant, Sid *505 ney Brown, with one count of possession of marijuana with intent to distribute, a violation of La. R.S. 40:966. On June 3, 2006, he was arraigned and entered a not guilty plea. On July 8, 2005, the court held a hearing on the defendant’s motion to suppress the evidence. After a hearing, the court denied the motion. Because the records of the previously held motion hearings were lost due to Hurricane Katrina, the court allowed the defendant a second set of hearings on November 16, 2006. Again, the court found probable cause and denied the defendant’s motion to suppress the evidence. The defendant proceeded to trial before a twelve person jury on March 6, 2007; the jury returned a verdict of guilty as charged. The court ordered a pre-sentence investigation.
At sentencing on August 21, 2007, the State revealed it had filed a multiple bill against the defendant. The trial court sentenced the defendant to serve thirty years with the Department of Corrections. On November 16, 2007, the trial court adjudicated the defendant to be a multiple offender, vacated the previous sentence 12and sentenced him to serve thirty years at hard labor to run concurrently with any other sentence, with credit for time served.
The defendant now files the present appeal.
STATEMENT OF FACT
Police officers, Chad Gagnon, Daniel Bagneris, and Octavio Baldassaro were traveling lake bound (north) on Pauger Street in the City of New Orleans on the night of May 5, 2005. Officer Gagnon was the driver, Officer Bagneris was in the front passenger seat, and Officer Baldassa-ro was in the rear passenger seat. Near the middle of the block, they spotted the defendant straddling a bicycle standing in front of an “L” shaped abandoned house at 2012 Pauger Street. The defendant stood in a recessed alley on the right side of the house. As they drew abreast of the defendant, they saw him view, then discard a plastic bag from his hand. He began to peddle away, but was detained and found to be in possession of seventy-five dollars in U.S. currency. The plastic bag retrieved contained sixty smaller zip lock type bags. Marijuana was within each smaller bag.
At trial, on cross examination, Officer Gagnon was asked whether or not he had ever used services like “MapQuest” to get maps of areas. He answered that he had used MapQuest services. Counsel for defendant produced a map of the area generated by MapQuest and began laying a foundation for further questioning. When counsel asked the officer to accede to the accuracy of the computer generated map being presented to him, the State objected and the trial court sustained the objection. The court held that MapQuest represents that it cannot be relied upon for absolute accuracy; therefore, to question a witness based on unreliable demonstrative evidence was improper.
| -¡ERRORS PATENT
A review of the record reveals no errors patent.
ASSIGNMENT OF ERROR
The defendant argues that the trial court erred when it prohibited defense counsel from laying a foundation for admitting a map of the scene of the incident. He contends this abuse of discretion barred the defendant from effective cross-examination of the State’s witnesses.
DISCUSSION
La. C.E. Art. 401. Definition of “relevant evidence”
Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more proba *506 ble or less probable than it would be without the evidence.
Maps or diagrams generally are admissible to aid the jury in understanding testimony if shown to be an accurate representation of the subject matter in question and the ruling of the trial court relative to admissibility will not be disturbed on appeal unless there has been abuse of discretion. 3 Wharton’s Criminal Evidence, s 641 (13th ed. Torcía, 1973).
In the present matter, the defense contends that it wanted to question the three police officers concerning the circumstances of the defendant’s arrest. As an aid to the jury’s understanding and with the hope of undermining the officers’ veracity, defense counsel maintains he wanted to cross-examine the officers from a map of the area generated by “MapQuest.” The defendant argues that before the trial court determined that the map was inadmissible, it should have allowed the defense to lay a foundation by having Officer Gagnon testify as to whether or not |4the MapQuest map was a fair and accurate representation of the crime scene area in question.
The Louisiana Supreme Court, in State v. Andrews, 369 So.2d 1049, 1050-1052 (La., 1979), cited State v. Drew, 360 So.2d 500, 518-19 (La.1978) and held that:
In Louisiana the rule concerning the introduction of demonstrative evidence is that the foundation laid must establish that it is more probable than not that the evidence is connected with the case and that the evidence has some relevance which the trial court considers sufficient to warrant its introduction. Ultimately, connexity is a factual matter for determination by the jury.
The defendant further cites State v. Triplett, 285 So.2d 532, 533 (La.1973) to support his claim that the trial court erred in not allowing him to lay the foundation the map. In Triplett, the defendants asserted that the trial court erred in overruling their objection to the introduction of a sketch of the scene drawn by a police officer. They contended that a foundation should have been laid to show that the sketch was an accurate representation of the area. The court held that there was no merit in that contention given that the witness was the arresting officer; he returned to the scene of the crime and drew a sketch of the area, and identified the State’s exhibit as that same sketch. The foundation was thus laid. The fact that the sketch was not absolutely accurate in every detail and distance did not negate its relevancy. Any objection on those grounds would go to the weight accorded the sketch by the jury, rather than to its admissibility.
Given the above case law cited herein, this court concludes that the trial court should have allowed defense counsel to lay the foundation to admit the map into evidence. Having found error, we must now consider whether this error ^affected the substantial rights of the accused to warrant reversal. La.C.Cr.P. art. 921.
To determine whether an error is harmless, the proper analysis is “not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error.” State v. Snyder, 98-1078 (La.4/14/99), 750 So.2d 832, 845 (quoting Sullivan v. Louisiana, 508 U.S. 275, 279, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993)). The reviewing court must be able to conclude that the error was harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).
*507 Here, the defendant was observed and apprehended by three New Orleans police officers. The officers testified that they saw the defendant drop an object which, when examined, was found to be a large ziplock bag containing approximately sixty smaller ziplock bags of green leafy material. Thus, the record indicates that the jury returned a guilty verdict because it accepted the testimony of the three police officers. Inasmuch as the defendant cannot attribute his guilty verdict to the exclusion of the MapQuest rendition, its exclusion amounts to harmless error.
For the foregoing reasons, we affirm the defendant’s conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED.